UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KELLI SMITH,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **MERCK & CO., INC.,** <br><br> Defendant. | Civil Action No. 13-2970 (MAS)(LHG) <br><br><br> **PRETRIAL SCHEDULING ORDER** |

      **THIS MATTER** having come before the Court on **February 25, 2015**, for an initial conference pursuant to Fed. R. Civ. P. 16; Andrew Melzer, Esq., and David Tracey, Esq., of Sanford Heisler Kimpel LLP, appearing on behalf of Plaintiffs; Michael Burkhardt, Esq., and Cailin Heilig, Esq., of Morgan Lewis & Bockius LLP, appearing on behalf of Defendant; and the Court having set certain deadlines during that conference; for good cause shown,

      **IT IS** on this **2nd** day of **April, 2015,**

      **ORDERED** that the parties shall exchange initial disclosures by no later than **March 26, 2015**; and it is further

      **ORDERED** that any motion to amend the pleadings or join new parties must be with leave of Court and filed no later than **August 13, 2015**, and made returnable by **September 8, 2015**; and it is further

      **ORDERED** that fact discovery as to the issues raised relating to Rule 23 class certification and conditional collective action certification of Plaintiffs' Equal Pay Act claims under 29 U.S.C. § 216(b), and as to the merits of the named Plaintiffs' claims is to remain open through **November 13, 2015.** No pre-class certification fact discovery, with the exception of depositions of declarants in support of or opposition to class certification, is to be issued or engaged in beyond that date, except upon application and for good cause shown; and it is further

      **ORDERED** that the parties shall be limited to 20 depositions each during pre-class certification fact discovery. However, each side may also depose any individual who is not deposed during the pre-class certification fact discovery stage and who submits a declaration in support of or in opposition to any motion for class or collective certification even if such deposition(s) will result in the party exceeding the 20 deposition limit stated above. Except upon application and for good cause shown, no individual fact witnesses deposed during the pre-

certification phase will be deposed again during a subsequent phase of the litigation;[1] and it is further

**ORDERED** that Plaintiffs' expert report(s) and any motion for class certification and for conditional collective action certification shall be filed no later than **January 8, 2016**; Defendant's expert report(s) and opposition shall be filed no later than **March 23, 2016**; Plaintiffs' rebuttal expert report(s) and reply shall be filed no later than **May 9, 2016**, made returnable **May 16, 2016**; these motions for class and conditional certification to be filed together unless the parties' tolling agreement is withdrawn by Defendant, in which case Plaintiffs' motion for conditional certification under § 216(b) may be filed earlier; and it is further

**ORDERED** that the parties shall accept service of subpoenas *duces tecum* on behalf of their respective experts and within two days of submission of each expert report, each expert must produce the files containing the material considered or relied upon for each expert report; and it is further

**ORDERED** that Plaintiffs shall make their expert(s) available for deposition by **March 2, 2016**, and Defendant shall make its expert(s) available for deposition by **April 18, 2016**; and it is further

**ORDERED** that counsel will confer in an attempt to resolve any discovery or case management disputes before making such dispute the subject of an application to the Court. Any such dispute shall be brought to the Court's attention by letter, no more than five pages in total, setting forth the nature of the dispute and any efforts to resolve it. Any response shall be similarly limited to five pages in total and shall be submitted within forty-eight hours of the initial letter. **No discovery motion or motion for leave to amend will be entertained absent leave of Court and counsel's full compliance with L. Civ. R. 37.1(a)(1);** *see also* **L. Civ. R. 16.1(f)**; and it is further

**ORDERED** that a telephone status conference will be held before the undersigned on **May 19, 2015 at 9:30 a.m.** Defendant is to initiate the call; and it is further

**ORDERED** that a date for the final pretrial conference will be set at a later date; and it is further

**ORDERED** that counsel are further directed to meet together by agreement, initiated by Defendant's counsel no later than twenty days before the date of the pretrial conference to:

---

[1] This restriction does not apply to depositions under Fed. R. Civ. P. 30(b)(6) where the subsequent deposition is noticed on topics distinct from the topics noticed for the original deposition.

      a.     discuss settlement;

      b.     stipulate to as many facts and issues as possible;

      c.     prepare a Final Pretrial Order in the form and content as required by the Court. Plaintiffs' counsel will prepare the Final Pretrial Order and will submit it to all other counsel for approval and execution. Counsel are responsible for the timely submission of the Final Pretrial Stipulation and Order;

      d.     examine all exhibits and documents proposed to be used at trial;

      e.     complete all other matters which may expedite both the pretrial and trial of the case; and

**ORDERED** that appropriate markers shall be affixed to the exhibits at or prior to the time they are shown to opposing counsel at the meeting of counsel referred to above, and each marker will bear the number of the exhibit to which it is affixed; and it is further

**ORDERED** that at the pretrial conference counsel should be prepared to discuss settlement of the case. Clients must be available by telephone; and it is further

**ORDERED** that since all dates set forth herein are established with the assistance and knowledge of the parties, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties; and it is further

**ORDERED** that the Court may, from time to time, schedule conferences as may be required, either on its own motion or at the request of counsel; and it is further

**ORDERED** that failure to appear at subsequent conferences, or to comply with any of the terms of this Order, may result in sanctions; and it is further

**ORDERED** that any proposed confidentiality order agreed to by the parties must be accompanied by a separate statement showing specific good cause for the entry of the order. *See Panzy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Glenmede Trust Company v. Thompson*, 56 F.3d 476 (1995); Fed. R. Civ. P. 26(c); and L. Civ. R. 5.3; and it is further

**ORDERED** that the parties are advised that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the Bar. This equipment

includes an evidence presentation system, which consists of a document camera and a projector. The projector may be used to display images which originate from a variety of sources, including television, VCR and personal computer. The document camera may be used to display documents, photographs, charts, transparencies and small objects. For further information, please contact the Courtroom Deputy Ivannya Jimenez at 609-989-2114; and it is further

**ORDERED** that counsel are invited to use the George H. Barlow Attorney Conference Room located on the third floor of the Courthouse Annex. The room is equipped with telephones, laptop access/printer, copier and fax.

**LOIS H. GOODMAN**
**United States Magistrate Judge**