UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KELLI SMITH, KANDICE BROSS, RACHEL MOUNTIS, and KATE WHITMER, individually and on behalf of a class of similarly situated female employees,<br><br>Plaintiffs,<br><br>-- against --<br><br>MERCK & CO., INC., MERCK, SHARP & DOHME CORP., and INTERVET, INC.<br><br>Defendants. | No. 3:13-cv-02970 (MAS/LHG) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PERMIT LATE OPT-INS TO PARTICIPATE IN THIS ACTION**

Plaintiffs respectfully request that four additional Sales Representatives who returned untimely Consent to Join forms (Ex. A) be permitted to participate in this EPA collective action under 29 U.S.C. § 216(b). Plaintiffs incorporate by reference the arguments set forth in their Memorandum of Law and Reply in Support of their previous Motion to Permit Late Opt-Ins to Participate in This Action (Dkts. 199 and 210), which are equally applicable here. In particular, all four opt-ins submitted their consents within a relatively short time (one month) after the deadline. Under the circumstances of this case, which have not changed, accepting these four opt-ins would result in absolutely no prejudice or delay. And, granting the motion would clearly further the interests in efficiency and judicial economy, the purposes of § 216(b) collective actions, and the broad remedial goals of the FLSA and EPA.

As Plaintiffs discussed at length, courts have wide discretion to allow late opt-ins to join a collective action. *E.g. Thompson v. Peak Energy Servs., USA*, No. 13-0266, 2014 U.S. Dist.

1

LEXIS 24190 (W.D. Pa. Feb. 26, 2014). It is particularly appropriate for the Court to exercise that discretion under the unique circumstances present in this case: Opt-in discovery has not yet begun – and will not likely commence until the Court resolves the parties' disputes over the parameters of that discovery. Moreover, the opt-in period for approximately 90 additional representatives remains open until October 31, 2016. Rigidly enforcing the August 12 date when the Cubist deadline has been extended to October 31 would make the Court and parties "slaves of a deadline beyond its reason for existence." *Coronado v. D N.W. Houston, Inc*, Civ. No. H-13-2179, 2014 U.S. Dist. LEXIS 164151, at *13 (S.D. Tex. Nov. 24, 2014) (citations omitted). *See generally Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 343 F.3d 669, 684 (3d Cir. 2003) ("Rule 16 was not intended to function as an inflexible straightjacket on the conduct of litigation . . . instead, it was intended to insure [sic] the efficient resolution of cases and, most importantly, minimize prejudicial surprise.") (first alteration in original) (citation omitted));

Accordingly, as set forth in the previous Motion, four of the five relevant factors applied by courts nationwide weigh conclusively in Plaintiffs' favor: (1) the prejudice to the defendant (zero); (2) the length of the delay (up to one month, undeniably modest under the circumstances); (3) judicial economy; and (4) the remedial purposes of the FLSA.

The four additional opt-ins also clearly establish the final factor: the existence of "good cause," or a reasonable excuse, for the delay:[1]

**Patricia Haswell** attempted to submit a consent form in timely fashion, on or about August 1, 2016, but it was returned to her home. (Haswell Decl. ¶ 3). Ms. Haswell re-submitted the form at the earliest opportunity, on or around September 8, 2016. (*Id.* ¶ 4). This undoubtedly constitutes an acceptable explanation for the delay. *Cf., e.g., Martin v. Citizens Fin.*

---

[1] We are awaiting a declaration from Dawnel Stolteben-Bonvino, which we intend to file with the Court promptly upon receipt

2

*Grp., Inc.*, No. 10-260, 2011 U.S. Dist. LEXIS 153739, at *4 n.4 (E.D. Pa. June 22, 2011) (delays attributable to the postal service); *Camesi v. Univ. of Pittsburgh Med. Ctr.*, Civ. No. 09-85J, 2009 U.S. Dist. LEXIS 111272, at *8 (W.D. Pa. Dec. 1, 2009) ("the notice 'fell[] prey to [the inefficiencies of] the [U.S.] Post [Office]'"); *Russell v. Ill. Bell Tel. Co.*, No. 08 C 1871, 2009 U.S. Dist. LEXIS 131170, at *7 (N.D. Ill. June 17, 2009)(for one opt-in, mail forwarding issues caused delay in receiving form; another opt-in submitted timely unsigned form and followed up with untimely signed form).

**Trisha Strickland** did not have access to a computer during the notice period, which prevented her from submitting an online consent form.  (Strickland Decl. ¶ 2).  Moreover, Ms. Strickland experienced serious personal hardships during the notice period. (*Id*. ¶ 3). Specifically, she was attending to her father's funeral arrangements, her mother's finances, and other pressing affairs related to her father's death. She submitted the consent to join form at the earliest opportunity, on or around September 13, 2016.  (*Id*. ¶ 4).  Such personal or medical emergencies constitute ample justification for the untimely filing of a consent form. *E.g. Martin*, 2011 U.S. Dist. LEXIS 153739, at *4 n.4 (deaths in the family prevented opt-ins from filing timely forms); *see also id.* (hip surgery and rehabilitation); *Saleem v. Corp. Transp. Grp., Ltd.*, No. 12 Civ. 8540, 2013 U.S. Dist. LEXIS 172104, at *10-11 (S.D.N.Y. Dec. 5, 2013)(opt-in was taking care of his mother during a medical emergency); *Russell*, 2009 U.S. Dist. LEXIS 131170, at *6 (opt-in experienced "serious health problems" during notice period, including a two-week hospitalization).

Similarly, **Tonya Clendenning-Jonswold** was away from her home for business-related travel. (Clendenning-Jonswold Decl. ¶ 3).  Upon her return home, her grandmother became very ill, and Ms. Clendenning-Jonswold was tasked with tending to her grandmother's health, locating

3

an appropriate nursing home, and moving her grandmother into that nursing home.  (*Id*. ¶ 4). Ms. Clendenning-Jonswold submitted her form at her earliest opportunity, on or around September 13, 2016.  (*Id*. at ¶ 5).  As set forth in the preceding paragraph, courts have readily excused opt-ins' delays in submitting a consent form due to significant personal issues, including attending to the health crises of a family member. *See Martin*, 2011 U.S. Dist. LEXIS 153739, at *4 n.4; *Saleem*, 2013 U.S. Dist. LEXIS 172104, at *10-11.  In addition, travel for work contributes to a finding of excusable delay. *Thompson*, 2014 U.S. Dist. LEXIS 24190 at *4-5 (late opt-ins "were away from their homes" for work).

## CONCLUSION

Thus, the Court should grant Plaintiffs' motion and enter the four attached opt-in forms (Ex. A) into the docket.

Dated: New York, New York           SANFORD HEISLER, LLP
       September 30, 2016

By:
 /s/David Tracey
David Tracey (N.J. ID No. 081062013)
Andrew Melzer (*pro hac vice*)
Russell Kornblith (*pro hac vice*)
**SANFORD HEISLER, LLP**
1350 Avenue of the Americas, 31st Floor
New York, New York 10019
Telephone: (646) 402-5650
Facsimile: (646) 402-5650
dtracey@sanfordheisler.com
amelzer@sanfordheisler.com
rkornblith@sanfordheisler.com

David Sanford (*pro hac vice*)
**SANFORD HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 300
Washington, D.C. 20009
Telephone: (202) 499-5201
Facsimile:  (202) 499-5119

4

dsanford@sanfordheisler.com

Deborah K. Marcuse (*pro hac vice*)
**FEINSTEIN DOYLE PAYNE & KRAVEC, LLC**
Law & Finance Building, Suite 1300
429 Fourth Avenue
Pittsburgh, PA 15219-1639
Telephone:  (412) 281- 8400, ext. 121
Facsimile:  (412) 281-1007
DMarcuse@fdpklaw.com

*Attorneys for Plaintiffs and the Class*

5