NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KELLI SMITH, KANDICE BROSS,
RACHEL MOUNTIS, and KATE
WHITMER, individually and on
behalf of a class of similarly situated
female employees,

    Plaintiffs,

v.

MERCK & CO., INC., MERCK SHARP
& DOHME, CORP., and INTERVET, INC.,

    Defendants.

Civ. No. 13-2970 (MAS)(LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Defendants Merck & Co., Inc., Merck Sharp & Dohme, Corp., and Intervet, Inc.'s ("Defendants") Motion for Partial Judgment on the Pleadings. (ECF No. 344.) Plaintiffs Kelli Smith, Kandice Bross, Rachel Mountis, and Kate Whitmer ("Plaintiffs"), individually and on behalf of a class of similarly situated female employees, filed opposition (ECF No. 363), and Defendants replied (ECF No. 375). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court denies Defendants' motion, without prejudice.

**I.    Background**

On October 3, 2011, Kelli Smith, a former employee of the New Jersey-based pharmaceutical company Merck & Co., Inc., filed an administrative charge with the Equal

Employment Opportunity Commission ("EEOC") individually and on behalf of similarly-situated female employees alleging that Merck discriminated against its female employees, particularly pregnant employees and female employees who take maternity leave. (Smith's EEOC Charge, ECF No. 363-1.) On March 29, 2012, the EEOC issued a Right-to-Sue Notice to Smith, and on May 9, 2013, Smith timely filed a complaint with this Court alleging that Merck & Co., Inc. committed various forms of gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et. seq.* and other state and federal laws. (Compl., ECF No. 1.)

Smith subsequently amended the Complaint twice. (ECF Nos. 22, 137.) The Second Amended Complaint, filed on May 4, 2016, added Plaintiffs Kandice Bross, Rachel Mountis, and Kate Whitmer.[1] (Sec. Am. Compl., ECF No. 137.) The Second Amended Complaint also named additional defendants, Merck Sharp & Dohme, Corp. and Intervet, Inc. The Second Amended Complaint consists of fourteen gender discrimination causes of action against Defendants.[2]

---

[1] Smith and Bross each filed their own EEOC charge on behalf of a purported class ("EEOC Charges" or "Charges"). (Smith's EEOC Charge; Bross's EEOC Charge, ECF No. 363-6.)

[2] The fourteen (14) counts are: (1) Pay Discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; (2) Promotion Discrimination in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*; (3) Pregnancy and Sex Plus Discrimination in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*; (4) Retaliation in violation of Title VII, 42 U.S.C. § 2000e-5(f), *et seq.*; (5) Constructive Discharge in violation of Title VII, 42 U.S.C. § 2000e-5(f), *et seq.*; (6) a violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*; (7) a violation of the Fair Labor Standards Act of 1938, as amended by the Equal Pay Act of 1963, 29 U.S.C. § 206(d); (8) Pay Discrimination in violation of the Law Against Discrimination ("LAD"), N.J.S.A. § 10:5-1, *et seq.*; (9) Promotion Discrimination in violation of the LAD, N.J.S.A. § 10:5-1, *et seq.*; (10) Pregnancy and Sex Plus Discrimination in violation of the LAD, N.J.S.A. § 10:5-1, *et seq.*; (11) a violation of the Family Leave Act, N.J.S.A. § 34:11B-1, *et seq.*; (12) Retaliation in violation of the LAD, N.J.S.A. § 10:5-12(d), *et seq.*; (13) a violation of the Employee Retirement and Income Security Act, 29 U.S.C. § 1140, *et seq.*; and (14) Unlawful Discharge in violation of Title VII, 42 U.S.C. § 2000e-5(f), *et seq.* (*See generally*, Sec. Am. Compl.)

Plaintiffs subsequently filed a motion for class certification. (ECF No. 300.) Defendants allege that in Plaintiffs' motion for class certification ("Class Cert. Motion"), Plaintiffs challenged "for the very first time, Merck's use of four alleged policies/practices . . . that are not identified in their Charges." (Defs.' Moving Br. 1, ECF No. 344-1.) Specifically, Defendants argue that Plaintiffs' disparate impact and disparate treatment claims based on the "newly asserted challenges" to "S tiers, functional salary ranges, merit increases, and an off-cycle policy," were not exhausted in the EEOC Charges. (*Id.*) Defendants further contend that "[b]ecause Plaintiffs in no way challenged these alleged policies/practices in their administrative Charges, they have not exhausted them and do not have standing to proceed with a class compensation claim based on them." (*Id.*)

On December 4, 2017, Defendants filed the instant Motion for Partial Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that Plaintiffs' disparate impact and disparate treatment claims should be dismissed to the extent they were not exhausted in the EEOC Charges.

## II.    Parties' Positions

### A.    Defendants' Position

The thrust of Defendants' Rule 12(c) motion is that Plaintiffs have used their Class Cert. Motion to insert new and unexhausted claims of discrimination, which were not included in either the individual EEOC Charges or in the pleading stages of this lawsuit. (*See generally* Defs.' Moving Br. 5-13.)

First, Defendants argue that Plaintiffs never properly alleged a disparate impact claim in their individual EEOC Charges because they never pointed to a specific, facially neutral Merck policy that, as applied, adversely impacted female sales representative as compared to similarly-situated males. (*Id.* at 5.) Defendants contend that only now, after discovery, have Plaintiffs

3

formed a disparate impact theory based on four Merck policies and procedures that previously went unchallenged in the individual EEOC Charges and the complaint. (*Id.*) Defendants assert that the EEOC Charges merely allege acts of discrimination committed by individual managers. (*Id.* at 8.)

Second, Defendants claim that neither the individual EEOC Charges nor the Second Amended Complaint include sufficient facts to support the disparate treatment theory that Plaintiffs set forth in their Class Certification Moving Brief. (*Id.* at 11.) Defendants note that both Smith's and Bross's EEOC Charges focus on discrete and "highly subjective" discriminatory acts by their respective Merck supervisors, while the Class Certification Moving Brief advances a theory of discrimination based on high-level facially-neutral policies that Merck allegedly implemented to discriminate against female sales representatives. (*Id.* at 13.) Defendants argue, therefore, that neither the disparate impact or disparate treatment claims have been exhausted and should be dismissed.

### B. Plaintiffs' Position

Plaintiffs oppose Defendants' motion arguing that Defendants are using the Rule 12(c) filing as a procedurally improper, roundabout attack on Plaintiffs' Class Cert. Motion. Plaintiffs assert that all theories of gender discrimination alleged in the Second Amended Complaint stem from the underlying EEOC charges. Plaintiffs argue that the requirements for class certification are separate from, and more stringent than, the administrative exhaustion standard for Title VII cases. (Pls.' Opp'n Br. 10, 16-19, ECF No. 363.)

## III. Legal Standard

### A. Federal Rule of Civil Procedure 12(c)

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "The difference between Rules 12(b)(6) and 12(c) is purely procedural as 12(c) requests for dismissal are governed by the same standards as 12(b)(6) motions." *Global Naps, Inc. v. Bell Atl.-N.J., Inc.*, 287 F. Supp. 2d 532, 539 (D.N.J. 2003) (citing *Turbe v. Gov't of the V.I.*, 938 F.2d 427, 428 (3d Cir. 1991)). As with a Rule 12(b)(6) motion, in deciding a 12(c) motion, the court must "view the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff." *Barnard v. Lackawanna Cty.*, 696 F. App'x 59, 61 (3d Cir. 2017) (internal quotation marks and citations omitted). Under this standard, the court may only consider well-pleaded factual allegations, rather than conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

The Third Circuit has explained that a court may only grant a motion for judgment on the pleadings if the moving party "clearly establishes that no material issue of fact remains to be resolved and that [the movant] is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)) (internal quotation marks and citations omitted).

### B. The Title VII Exhaustion Requirement

Title VII of the Civil Rights Act of 1964 protects workers against various forms of employment discrimination, including discrimination on the basis of gender. *See* 42 U.S.C. § 2000e. Before a claimant may file a Title VII civil action in federal court, however, he or she must exhaust all administrative remedies with the EEOC. 42 U.S.C. § 2000e–5(f)(1).

The EEOC investigates and either resolves the charge or issues a notice of the right to sue, often referred to as a "Right-to-Sue Letter." *Devine v. St. Luke's Hosp.*, 406 F. App'x 654, 656 (3d Cir. 2011). A Title VII civil action ripens only after a plaintiff has gone through these procedural steps at the administrative level. *Seredinski v. Clifton Precision Prod. Co., Div. of Litton Sys.*, 776 F.2d 56, 61 (3d Cir. 1985). Where a plaintiff in a federal action has failed to exhaust administrative remedies, the claim may be defeated on a motion to dismiss or judgment on the pleadings. *See Devine*, 406 F. App'x at 656 ("Failure to exhaust administrative remedies, while not a jurisdictional defect, is a ground to dismiss a case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") (citing *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 87-88 (3d Cir. 2000)).

As the Third Circuit explained in *Anjelino*, "[t]he preliminary step of the filing of the EEOC charge and the receipt of the right to sue notification are 'essential parts of the statutory plan, designed to correct discrimination through administrative conciliation and persuasion if possible, rather than by formal court action.'" *Anjelino*, 200 F.3d at 93 (quoting *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976)). Furthermore, "[b]ecause the EEOC is required to serve notice on the employer against whom the charges are made, this standard also allows an employer to be put on notice of the claims likely to be filed against it [in a civil action]." *Barzanty v. Verizon PA, Inc.*, 361 F. App'x 411, 414 (3d Cir. 2010).

The issue of exhaustion becomes complicated when the contours of a lawsuit do not exactly match the EEOC charge. In determining whether a Title VII plaintiff has exhausted all administrative remedies, the Third Circuit has long held that "the scope of a resulting private civil action in the district court is defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Barzanty*, 361 F. App'x at 414 (internal

quotation marks and citation omitted). A Title VII civil action need not rigidly adhere to the claims listed in the underlying EEOC charge. *See Carr v. New Jersey*, No. 09-913, 2010 WL 2539782, at *4 (D.N.J. June 17, 2010) ("The claims that may be included in a Title VII plaintiff's civil lawsuit are not strictly limited to those checked off in the box section on the front page of the Charge, nor even to the specific claims that the EEOC investigated pursuant to the Charge."). Instead, "the permitted scope of the lawsuit is any claim that *should have been included* in a reasonable investigation conducted by the EEOC, based upon the information contained in the Charge." *Id.* (emphasis added).

## IV. Discussion

"When assessing a motion to dismiss or motion for judgment on the pleadings, . . . a court may only consider the 'allegations contained in the compl[ai]nt, exhibits attached to the compl[ai]nt, and matters of public record.'" *Knit With v. Knitting Fever, Inc.*, 625 F. App'x 27, 38 (3d Cir. 2015) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp.*, 998 F.2d at 1196.

Defendants ask the Court to compare the contents of the class certification motion to the Complaint and EEOC Charges to decide a motion for judgment on the pleadings. Defendants, however, have not cited any case that stands for the proposition that the Court may consider arguments an adversary raised in motion papers filed in connection with a separate motion to rule on a 12(c) motion. The Court, therefore, will refrain from addressing Defendants' substantive arguments that rely on information outside of the pleadings and the EEOC Charges to avoid

converting the motion to one for summary judgment.[3] The motion, therefore, is denied, without prejudice, and with the opportunity to renew an appropriate application.

## V. Conclusion

Accordingly, for the reasons set forth above, the Court denies Defendants' Motion for Partial Judgment on the Pleadings. An order consistent with this Memorandum Opinion shall be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: July 31, 2018

---

[3] The Court observes, however, that Defendants' arguments regarding Plaintiffs' potential failure to administratively exhaust appear compelling, but will only be addressed in the context of an appropriate procedural vehicle.